**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINSTON WILLIAMS, | No. 19-15626 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00098-JST |
| v. | |
| L. GAMBOA, M.D., Chief Surgeon; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| WILLIAM MUNIZ, Warden, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Winston Williams, a California state prisoner, appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his shoulder pain. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, or negligence in diagnosing or treating a medical condition does not amount to deliberate indifference); *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (delays must result in substantial harm to constitute deliberate indifference).

The district court did not abuse its discretion by denying Williams's motion under Fed. R. Civ. P. 56(d) to defer or deny summary judgment pending additional discovery, because Williams failed to demonstrate how additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (setting forth standard of review and explaining that a party seeking additional discovery must show that the evidence sought would preclude summary judgment).

The district court did not abuse its discretion in denying Williams's motion for default judgment because defendants had not yet been served. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider in determining whether to enter default judgment).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request to remove defendant Muniz from the case caption, set forth in the answering brief, is denied as unnecessary.

**AFFIRMED.**

19-15626